## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANICE L. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-05-1111-R** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>O R D E R</u>

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered September 13, 2006 [Doc. No. 26] and Plaintiff's Objections to the Report and Recommendation filed October 3, 2006.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Plaintiff objects.

Plaintiff first asserts that the Magistrate Judge erred in concluding that the ALJ's evaluation of Plaintiff's credibility was legally proper and that her credibility determination was supported by substantial evidence.  In this regard, Plaintiff objects to the Magistrate Judge's conclusion that the record fully supports " the ALJ's reliance on  Plaintiff's alleged lack of motivation to work," citing the Report and Recommendation at p. 13.  Plaintiff argues that the ALJ's conclusion that Plaintiff's "motivation to work is limited" is based on the ALJ's own speculation, as the Tenth Circuit said was the case in *Roberts v. Barnhart*, 2002 WL 1288722 at *2 (10th Cir. June 12, 2002) (No. 01-7147).  Additionally, Plaintiff asserts that other than with regard to Plaintiff's daily activities, the ALJ failed to "closely and

affirmatively" link her credibility analysis to substantial evidence in the record and that the Magistrate's discussion of medical evidence which he contends supports the ALJ's credibility determination is an "improper, post hoc justification of the ALJ's decision." Plaintiff's Objections at p. 3, citing *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).  She further asserts that the Magistrate Judge rejected Plaintiff's contention that the ALJ improperly failed to consider other evidence in the record which supported Plaintiff's credibility by stating that the reweighing of evidence is not permitted.  Plaintiff contends that there is evidence in the record relating to limitations in Plaintiff's daily activities, objective medical evidence of Plaintiff's pain and other symptoms, aggravating factors and the type, number, effectiveness and side effects of Plaintiff's medications that support Plaintiff's credibility as to her complaints of disabling pain.

The Court agrees with the Magistrate Judge that the ALJ's conclusion that Plaintiff's "motivation to work is limited" is not mere speculation, as was the case in *Roberts v. Barnhart, supra*, where the ALJ's finding was based solely on the fact that the claimant was receiving private disability benefits, but was based upon Plaintiff's work history, Plaintiff's own testimony, and records of Plaintiff's receipt of food stamps and a lump sum workers' compensation settlement.  The Court agrees with the Magistrate Judge that the conclusion or finding of the ALJ that Plaintiff's motivation to work is limited is supported by substantial evidence in the record.  The ALJ employed the correct legal standards for evaluating Plaintiff's subjective allegations of pain and other symptoms and linked her finding that Plaintiff's "allegations and testimony are not entirely credible," Decision at p. 9, to "reports

to examiners, findings on examination, medical reports, the extent of treatment needed, and the claimant's daily activities." *Id.* For example, the ALJ stated as follows:

> The Administrative Law Judge finds, that the claimant's allegations of disabling pain are not supported by credible facts and findings from which it can be concluded that she has an impairment that could reasonable be expected to cause the degree of pain the discomfort which she alleged. The evidence does not indicate that the claimant suffers from side effects of medication resulting in inability to work. There is no indication that her daily activities were curtailed to an extent that would suggest an inability to engage in all work activity. She testified that she was able to do some cleaning and laundry, dust, vacuum, sweep, mop, and clean the bathroom. She prepares most of the meals and does the grocery shopping. She drives three to four days a week. She is able to take care of her personal grooming. There is no evidence of some of the impairments she alleged.

> The Administrative Law Judge considered all medical opinions according to the directives of 20 C.F.R. § 404.1527 and § 416.927 and Social Security Ruling 96-2p, Ruling 96-5p, and Ruling 96-6p. The Administrative Law Judge also considered the nature and length of the treating relationship, areas of specialty, findings supporting the opinions, and similar factors. Opinions of treating physicians concerning the nature and severity of the impairments are given controlling weight when amply supported and not contrary to other credible evidence. Matters such as residual functional capacity, meeting listing criterial, vocational factors, and the ultimate issue of disability are reserved for the adjudicator. Opinions on such matters are considered but are never given controlling weight.

ALJ's Decision at pp. 18-19.

Next, Plaintiff asserts that the Magistrate Judge erred in concluding that the ALJ properly failed to include any mental limitations in Plaintiff's residual functional capacity. Plaintiff states that the ALJ did not follow the procedure set forth in 20 C.F.R. § 416.920a to first determine whether Plaintiff suffered from a "severe" mental impairment and then to determine the degree of functional limitation resulting from the impairment(s). Moreover,

Plaintiff takes issue with the finding of the Magistrate Judge that "there are no records showing that she underwent counseling for a mental impairment," Report and Recommendation at p. 12, citing to the Administrative Record (A.R.) at pp. 154-167, 175-181 and her testimony at the administrative hearing, A.R. at 251.  In any event, Plaintiff states that the records from her visits to North Care Center Community Counseling Center contain medical evidence indicating that Plaintiff's mental impairments would affect her ability to work, particularly her social functioning, concentration, persistence and pace, citing A.R. at 162, 163-67, 176, 176-81.  Plaintiff also refers to her own reports of symptoms during these visits, her reported history of abusive marriages, childhood abuse, being misled as to her father's true identity, inability to hold a job, an attempted suicide, confrontations with her children and the previous loss of a child, citing A.R. at 160-63 & 175-76.  Finally, she points to the fact that she has been prescribed at least eight different psychotropic medications, some of which caused significant side effects and/or which she could not tolerate, for her mental problems, citing A.R. at 98, 163, 167, 176, 178-180 & 220.  In conclusion, Plaintiff asserts that the ALJ's RFC determination was not supported by substantial evidence because it failed to include any limitations as to social functioning and concentration, persistence or pace.

Although the ALJ said that "the claimant has severe impairments," Decision at p. 18, the ALJ did not make a specific finding that Plaintiff's mental impairment(s) was (were) severe, as Plaintiff claims.  It appears that the ALJ was referring to Plaintiff's collective impairments as "severe."  The ALJ did implicitly find that Plaintiff had a medically

determinable mental impairment, based upon the Plaintiff's history, symptoms and signs and examinations, which the ALJ documented. Decision at pp. 16-17. The ALJ then evaluated the degree of functional limitation resulting from Plaintiff's medically determinable impairment(s) of depression and a possible post-traumatic stress disorder. She did so utilizing the four broad functional areas of activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation, *see* Decision at pp. 17-18, in accordance with 20 C.F.R. § 416.920a(b) & (c), rating the degree of functional limitation or restriction in each of the first three areas as mild, *id*., at p. 17, and finding that Plaintiff has had "no episodes of decompensation lasting for an extended duration, *id*. at p. 18, all in accordance with 20 C.F.R. § 416.920a(c) & (d). The ALJ implicitly then found that Plaintiff's mental impairment(s) were non-severe, *see* 20 C.F.R. § 416.921, but nevertheless compared the medical findings about Plaintiff's disorder and the ALJ's rating of the degree of functional limitation to the criteria for listed mental impairments, in accordance with 20 C.F.R. § 416.920a(c)(2) and found that Plaintiff did not meet the "B" or "C" criteria for a listed mental impairment. Decision at p. 18. Because the ALJ implicitly found that Plaintiff's mental impairment(s) were not severe, no limitation for same had to be included in Plaintiff's residual functional capacity, *see* 20 C.F.R. § 416.920a(d)(3), and the ALJ's failure to include any limitation for Plaintiff's mental impairment(s) in her RFC was proper. As should be evident from the foregoing, the ALJ in her evaluation of Plaintiff's mental impairment(s) followed the procedure set forth in 20 C.F.R. § 416.920a and 20 C.F.R. § 404.1520a. And upon the Court's review of the entire record, including, specifically, those

pages of the record cited by Plaintiff in her Objections, the Court concludes that the ALJ's implicit finding that Plaintiff's mental impairment(s) was (were) not severe is supported by substantial evidence and that the ALJ's RFC determination which failed to include any limitation based upon Plaintiff's mental impairments is supported by substantial evidence.

Finally, Plaintiff asserts that the Magistrate Judge erred in concluding that the ALJ properly evaluated and rejected the GAF scores found by Plaintiff's psychiatrist and counselor. In the Court's opinion, the ALJ gave adequate reasons for failing to accord controlling weight to or for rejecting the GAF scores. First, the ALJ said that a licensed professional counselor's opinion is not a "true medical opinion." Decision at p. 19. In other words, as the Magistrate Judge explained, "[t]he treating clinic's counselor is not an 'acceptable medical source' for social security purposes.'" Report and Recommendation at p. 9, citing 20 C.F.R. § 416.913(a) (2005). The GAF scores were assigned after the counselor and psychiatrist had each interviewed Plaintiff only once in depth. *See* Decision at p. 19. *See also* A.R. at pp. 162 & 176. While the psychiatrist did report upon examination that Plaintiff's speech was slow, her psychomotor activity is low and her mood depressed in addition to occasional tearfulness during the interview, these findings do not account for a GAF score of 50, particularly where the psychiatrist found Plaintiff's affect to be normal, orientation and memory good, insight and judgment good, and the absence of any paranoid, suicidal or homicidal ideation or hallucinations. *See* A.R. at 14. In any event, neither the counselor nor the psychiatrist indicated that Plaintiff's depression or post-traumatic stress disorder would interfere with the Plaintiff's ability to work or that he assigned the GAF score

he did because of a perceived impairment in the Plaintiff's ability to work.  The GAF scale is used by clinicians to estimate an individual's overall level of functioning.  *See* American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders 32 (Rev. 4th ed. 2000).   A GAF score of 31-40 indicates "[s]ome impairment in reality testing or communication . . . OR major impairment in several areas, such as work, school, family relations, judgment, thinking or mood." *Id*. at 34.  A GAF score of 41-50 indicates "[s]erious symptoms . . . OR any serious impairment in social, occupational, or school functioning." Thus, even if the counselor's and psychiatrist's GAF scores of 40 and 50, respectively, are accorded full credence, those scores are not necessarily indicative of an impairment in the ability to work.  *See Eden v. Barnhart*, 109 Fed. Appx. 311, 314 (10th Cir. Sept. 15, 2004) (No. 04-7019) (GAF score of 50 may not relate to the claimant's ability to work and standing alone, without further explanation, does not establish an impairment severely interfering with an ability to perform basic work activities); *Camp v. Barnhart*, 103 Fed. Appx. 352, 354 (10th Cir. June 30, 2004) (No. 03-7132) (GAF score, without evidence that it impaired claimant's ability to work, does not establish an impairment); *Zachary v. Barnhart*, 94 Fed. Appx. 817, 819 (10th Cir. April 14, 2004) (No. 03-7032) (ALJ was not required to discuss GAF score in his RFC determination); *Whelchel v. Barnhart*, 94 Fed. Appx. 703, 709 (10th Cir. March 22, 2004) (No. 02-7149) ("GAF score of 47 may indicate problems not necessarily related to her ability to hold a job," and "standing alone, without any further narrative explanation, this rating does not support an impairment seriously interfering with her ability to work.") (citation omitted); *Cainglit v. Barnhart*, 85 Fed. Appx. 71, 74-75 (10th Cir. Dec. 17, 2003)

(No. 03-7004) (GAF scores of 45 and 39, in the absence of evidence that the doctor and counselor who assigned those scores did so because they perceived an impairment in the Plaintiff's ability to work, did not, standing alone, establish an impairment seriously interfering with the plaintiff's ability to perform basic work activities).  The ALJ did not err in evaluating the GAF scores, she provided adequate reasons for failing to accord them controlling weight or for, in effect, rejecting them as indicia of Plaintiff's ability to work or limitations thereof and the record supports the ALJ's reasons.

In accordance with the foregoing, the Court concludes that Plaintiff's Objections to the Report and Recommendation are without merit; the Court ADOPTS the Report and Recommendation of the Magistrate Judge as supplemented herein; and the final decision of Defendant Commissioner of Social Security Administration is AFFIRMED.

**It is so ordered this 16th day of October, 2006.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE